WESTARC LEASING CORPORATION v. CAPITAL SIGN SERVICE, INC., AND CLAWSON A. HICKS.

(Filed 30 November, 1966.)

**1. Actions § 2—**

A foreign corporation does not transact business in this State solely by maintaining an action here, G.S. 55-131, and therefore the court correctly refuses to dismiss the action on a note by a foreign corporation on the ground that it was an undomesticated corporation transacting business in this State.

**2. Pleadings § 30—**

> Motion for judgment on the pleadings in an action on a note by the payee should be denied when the maker and guarantor of payment allege that the note was given for equipment leased from the payee, that the equipment was defective, and that the payee had breached its representation to put the equipment in good working order, since the pleadings raise controverted issues of fact.

APPEAL by defendants from *McKinnon, J.,* at August 1966 Non-Jury Term of WAKE County Superior Court.

The plaintiff is a corporation with its principal office in Yakima, Washington. It alleges that on 11 April, 1964, the plaintiff leased to the defendant, Capital Sign Service, Inc., a Model EL-37 Mobile maintenance truck on a 1964 Chevrolet chassis, said lease to run for a period of sixty months. The monthly payments were to be $280.28. It further alleges that the defendant, Capital Sign Service, Inc., became delinquent and refused to make any payments during June 1965, and that it, acting under the terms of the lease, declared all the rents due. The plaintiff alleges that the total amount now due and unpaid is $14,510.52, and that the defendant Clawson A. Hicks individually agreed to guarantee the payment of all money due under the said lease.

The defendants filed answer admitting execution of the lease, admitting non-payment and offering as a defense that the plaintiff is a non-resident corporation not domesticated to do business in North Carolina and that the action should be dismissed by virtue of G.S. 55-154. Also that the equipment delivered pursuant to the lease was not according to the specifications, and particularly that it was furnished a Ford chassis, instead of a Chevrolet as called for by the contract. The defendants notified the plaintiff of these defects by telephone and the plaintiff waived further notice of the defects; failed to enforce the warranties applicable to the equipment or to put it in good working condition; that the defendant relied upon the representations that the equipment would be put in good working condition and made further payments to the plaintiff in reliance thereof, and in addition has spent at least $1,000 in repairs in attempting to get said equipment to operate. In their counterclaim they sought to recover this amount as well as the rentals paid.

The Court held that an issue under G.S. 55-154 was not raised and granted judgment on the pleadings for $14,510.52 against both defendants, and they appealed.

*Bailey, Dixon & Wooten for plaintiff appellee.*
*Vaughan S. Winborne for defendants appellants.*

PLESS, J. While G.S. 55-154 provides that no undomesticated foreign corporation transacting business in this State shall be permitted to maintain any action or proceeding in any court of this State, etc., the lower court ruled correctly that the plaintiff was protected by G.S. 55-131 which provides that a foreign corporation shall not be considered to be transacting business in this State in maintaining or defending any action or suit, etc.

However, the court erred in granting judgment on the pleadings. In the defendants' further answer which, under the plaintiff's demurrer thereto is deemed admitted, they alleged that the property leased was defective, that the plaintiff had been notified and that upon the representations that the equipment would be put in good working condition they made payments to the plaintiff in reliance thereon and have further expended $1,000 in attempting to get said equipment to operate.

These allegations raise questions that can be determined only by trial on the merits and the action of the court in awarding judgment on the pleadings is hereby

Reversed.